```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                        HOUSTON DIVISION
```

| | |  |
|---|---|---|
| BANCROFT LIFE & CASUALTY ICC, LTD., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-11-2382 |
| FFD RESOURCES III, LLC, | § § § | |
| Defendant, | § § § | |
| FFD RESOURCES III, LLC and FFD VENTURES, LP, | § § § | |
| Counter-Plaintiffs, | § § | |
| v. | § § | |
| BANCROFT LIFE & CASUALTY ICC, LTD., | § § § | |
| Counter-Defendant. | § | |

## ORDER DENYING RECONSIDERATION

Pending is Counterclaim Plaintiffs' FFD Resources III, LLC ("FFD3") and FFD Ventures LP ("Ventures") Motion for Reconsideration of the Court's June 12, 2012 Order and Incorporated Memorandum of Law (Document No. 55). In its prior Order, the Court found that a Saint Lucia forum selection clause prevented Counter-Plaintiffs from bringing their counterclaims in the Southern District of Texas. Counter-Plaintiffs allege that newly-discovered evidence negates the basis for this finding.

## Standard of Review

An interlocutory order is subject to revision at the Court's discretion. *See* FED. R. CIV. P. 54(b) ("any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). This discretion "is exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays." Dyson, Inc. v. Oreck Corp., 647 F. Supp. 2d 631, 643 (E.D. La. 2009) (Vance, J.). "A motion for reconsideration may not be used to rehash rejected arguments or introduce new arguments." LeClerc v. Webb, 419 F.3d 405, 412 n.13 (5th Cir. 2005); *see also* Lincoln Gen. Ins. Co. v. De La Luz Garcia, 501 F.3d 436, 442 (5th Cir. 2007) ("[G]enerally speaking, we will not consider an issue raised for the first time in a Motion for Reconsideration.") (citations omitted). A motion to reconsider can be based on the discovery of new evidence, but such a motion should be granted only if "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or

impeaching." Johnson v. Diversicare Afton Oaks, LLC, 597 F.3d 673, 677 (5th Cir. 2010) (citation and internal quotations omitted).

## Discussion

Counter-Plaintiffs' alleged new evidence is that the version of the Saint Lucia forum selection clause enforced in the Court's previous order was not added to the Group Policy until November 18, 2010,[1] after Counter-Plaintiffs' final insurance claim was filed. Counter-Plaintiffs assert therefore that the pre-amendment clause governs, and Counter-Defendant waived its right to enforce the clause when it filed suit on the loans in the United States.

The amended forum selection clause analyzed in the Court's Order of June 12, 2012, read in its entirety as follows:

> D. Any action at law or in equity based upon, arising from or in any way related to the Policy or any **Claim**, including, but not limited to, benefits payable under the policy, coverage issues, termination issues and premium refunds (i) must be brought in the Courts of St. Lucia, West Indies, which shall have exclusive jurisdiction over such matters and (ii) the law of St. Lucia, West Indies shall be the choice of law for all legal, equitable or administrative purposes and proceedings arising out of or related in any manner whatsoever to the Policy or any **Claim**. This forum selection provision shall not apply to an action brought by the Company to enforce the terms of any loan made by the Company to a Certificate Holder.[2]

---

[1] Document No. 55, Ex. A at 3.

[2] Document No. 39-4, Ex. E at 16.

3

Before adoption of the amendment, the forum selection clause read as follows:

> 4. CONTROLLING LAW AND JURISDICTION: Any action at law or in equity must be brought only in the Courts of Saint Lucia, West Indies, and the law of Saint Lucia, West Indies shall be controlling law for all legal, equitable, or administrative purposes and proceedings.[3]

Counter-Plaintiffs show that the amendment quoted first above, along with some other amendments not pertinent here, was not made until November 18, 2010, which was three weeks after Counter-Plaintiffs filed the last of their insurance claims. Counter-Plaintiffs contend that this shows they did not ratify or otherwise agree to the amendments. Counter-Plaintiffs assert that because the pre-amendment forum selection clause did not explicitly exclude the loan claims, Counter-Defendant waived its right to enforce the Policy's pre-amendment clause when it filed suit outside Saint Lucia. Counter-Defendant replies that it does not concede that the pre-amendment clause governs,[4] but argues that if it does, the pre-amendment clause applied only to suits brought on the insurance policy itself and not to suits arising out of Counter-Defendant's

---

[3] Document No. 39-3, Ex. D at 9.

[4] Document No. 59 at 7, n. 5.

commercial loan program.[5] The 2010 amendment, they contend, simply made this more explicit.[6] Assuming that the pre-amendment forum selection clause in the Policy applies to the Policy as Counter-Plaintiffs contend, the Court will consider whether such should change the holding of the Order signed June 12, 2012.

Federal law governs not only whether an enforceable forum selection clause exists, but also whether a lawsuit falls within the scope of the clause. Blueskygreenland Envtl. Solutions, LLC v. Rentar Envtl. Solutions, Inc., 4:11-CV-01745, 2011 WL 6372842, at *4 (S.D. Tex. Dec. 20, 2011) reconsideration denied, 4:11-CV-01745, 2012 WL 423399 (S.D. Tex. Feb. 8, 2012). Courts should "look to the language of the parties' contracts to determine which causes of action are governed" by a forum selection clause. Marinechance Shipping, Ltd. V. Sebastian, 143 F.3d 216, 222 (5th Cir. 1998).

The language of the Policy's pre-amendment forum selection clause--entitled "CONTROLLING LAW AND JURISDICTION"--is one of numerous clauses in the Claims Made Group Business Income and Risk Policy issued by Bancroft. It is therefore in the context of the Policy itself that the clause requires that "[a]ny action at law or in equity must be brought only in the Courts of Saint Lucia. . . ." There is no language shown to be included in the Policy that extends the Policy's forum selection clause to any separate

---

[5] Id. at 5-8.

[6] Id. at 7.

contract, in this instance, the loan transactions, made by Bancroft and FFD3. *See, e.g.*, <u>National Union Fire Ins. Co. of Pittsburgh, PA. v. United Transp. Union Ins. Ass'n</u>, No. Civ. A. H-05-4159, 2006 WL 456267, at *1, *2 (S.D. Tex. Feb. 23, 2006) (Forum selection clause in a separate Undertaking Agreement was not binding on the insurance company because "[t]he Policy is a separate contract from the Undertaking Agreement, and the dispute regarding the Policy does not involve interpretation of the Undertaking Agreement in any way.").[7]

Like the dispute in <u>National Union</u>, the disputes here involve obligations under two separate contracts.[8] The "Membership Application for Group Benefits" ("Application"), which resulted in the Policy being issued, was signed by Richard Clay as "President of the General Manager" of Ventures.[9] Neither the Application nor

---

[7] *Compare* <u>Blueskygreenland Envtl. Solutions, LLC v. Rentar Envtl. Solutions, Inc.</u>, 4:11-CV-01745, 2011 WL 6372842 (S.D. Tex. Nov. 14, 2011) (holding that forum selection clause in sole agreement between the plaintiff and defendant, which stated "[i]f *any lawsuit between the parties should arise*, the dispute will be resolved exclusively in Florida State courts . . ." (emphasis added), applied to action against defendant for his having made separate agreements with others to launch a new business enterprise in India to the detriment of the plaintiff).

[8] *Compare* <u>Bancroft Life & Casualty ICC, Ltd. v. FFD Resources II, LLC.</u>, 4:11-cv-02384, 2012 WL 3185965, at *16 (S.D. Tex. Aug. 2, 2012) (Harmon, J.) ("[t]he loan dispute and the insurance dispute involve different parties, different transactions, and different time periods . . . Moreover, the Notes do not mention Ventures nor any Certificate of Insurance involved in the insurance dispute.")

[9] Document 21, Ex. N.

6

the pre-2010 Group Policy issued under it is shown at any point to reference Counter-Defendant's loan program.[10] The Notes, on the other hand, are separate contracts between Counter-Defendant as Holder and FFD3 as Maker, and make no mention of the insurance Application or Policy.[11] The Notes and Security Agreements were all executed by FFD3's representative Jeanne Wint, before a Notary Public in Harris County, Texas.[12] Furthermore, as the Court observed in its June 12, 2012 Order, "[t]he Notes and Security Agreements expressly provide that they are governed by Texas law."[13] Although Counter-Plaintiffs are correct that these documents do not select a *forum*,[14] the facts that the parties agreed that Texas law shall govern the Notes and Security Agreements, and that the obligor executed those Notes and Security Agreements in the State of Texas, persuasively imply the absence of any intent by the parties to incorporate the Policy's clause that actions under the Policy "must be brought only in the Courts of Saint Lucia, West Indies, and the law of Saint Lucia, West Indies shall be

---

[10] Id. (Application); Document No. 39-3, Ex. D (pre-2010 Policy).

[11] Document No. 1, Exs. A-1, A-2, A-3, A-4, B-1, B-2, B-3, and B-4.

[12] Id.

[13] Document No. 53 at 10-11, citing Document No. 1, Exs. A-1 ¶ 11, A-2 ¶ 11, A-3 ¶ 11, A-4 ¶ 11, B-1 ¶ 6.01, B-2 ¶ 6.01, B-3 ¶ 6.01, and B-4 ¶ 6.01.

[14] Document No. 64 at 5.

7

controlling law. . . ." Hence, Counter-Defendant did not waive the Policy's pre-amendment forum selection clause by filing suit on the separate loan documents in the United States. Accordingly, it is

ORDERED that Counterclaim Plaintiffs' FFD Resources III, LLC, and FFD Ventures LP Motion for Reconsideration of the Court's June 12, 2012 Order and Incorporated Memorandum of Law (Document No. 55) is DENIED.

The Clerk shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas, on this 17th day of October, 2012.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE